## GOODWIN vs. MUSSEY.

The want of notice is no valid objection to a deposition taken *in perpetuam*, under
the provincial statute 7, *W.* 3, *c.* 35, *sec.* 3.
And such deposition may be used whenever the deponent is so sick as to be una-
ble to attend court.

In a writ of entry, which was tried before the Chief Justice,
the demandant, to prove the loss of a title-deed, offered the dep-
osition of *Nathan Winslow*, taken in *perpetuam rei memoriam*, *Aug.*
13, 1784, and recorded on the same day; and proved that the de-
ponent, who had attended court several days during the term, as
a witness in this cause, was, at the time of trial, confined to his
house, by sickness. The deposition was objected to, because it

did not appear from the caption that any person had been notified to attend when it was taken; but the Chief Justice overruled the objection, and the tenant filed exceptions to his opinion.

*Longfellow*, for the tenant, said that as the common law did not authorize the use of depositions, under any circumstances, the question whether the deposition offered was admissible, depended wholly upon statute provisions. These are found only in the statute of 1695, *Ancient Charters, p.* 288, which is to receive a liberal exposition. The preamble states the cases in which depositions may be taken ; the first section directs that notice shall be given to the adverse party in all cases; and this provision ought to be considered as reasonably applying to the other sections of the statute, especially to the third, which authorizes the perpetuating of testimony in this manner, and only designates the *persons before whom it is to be done.*

If, however, the want of notice formed in general no valid objection ; yet the deposition ought not to have been received, unless the witness was either dead, or so ill as to be unable to depose anew, under a commission issuing from this court, in this cause ; because the adverse party ought to have the benefit of a cross examination.

But the statute of 1695, he contended, was repealed, partially by *Stat.* 1797, *ch.* 35, and totally by *Stat.* 1821, *ch.* 180, and therefore no depositions taken prior to 1797, can now be used.

*Willis*, for the demandant, insisted that no notice was required by the third section of the statute of 1695; which is all that relates to depositions of this kind. The other sections apply wholly to evidence taken in causes pending between party and party.

Nor is that statute so repealed as to abrogate all the rights acquired under its provisions; for this no legislature has power to do. 10 *Mass.* 437. 4 *Burr.* 246. 12 *Mass.* 383. 7 *Johns.* 500. The deposition, as it was the only existing evidence of a title deed, was of the nature of a conveyance of real estate, standing in the place of the deed itself. To reject this evidence, which was regularly taken under a law then in force, the witness being sick

and unable to attend, would in effect be annulling the conveyance it was taken to prove. Such a power cannot be constitutionally exercised, even by the legislature. 6 *Dane's Abr.* 618. 6 *Cranch* 87, 148.

WESTON J. delivered the opinion of the Court.

The deposition of *Nathan Winslow*, taken in perpetuam in 1784, being offered in evidence, by the demandant, was objected to by the counsel for the tenant, upon the ground that it did not appear by the caption that any person had been notified. This objection was overruled by the judge, who presided at the trial ; and the case comes before us upon an exception to the opinion of the judge in this particular. In the argument, the admission of this deposition has been objected to upon other grounds, in addition to that made at the trial. The exception then taken to the opinion of the judge, upon the point raised before him, is alone properly before us ; but as they are questions of practice, which may arise upon other depositions, taken under similar circumstances, the provincial statute having been in force until 1798, we have considered all the objections urged against the admission of this deposition.

It has been very properly contended, that this is a kind of testimony not admissible at common law, and that it derives its validity, if it has any, from statute provision. And it is insisted that the statute, under which this deposition was taken, has not authorized its use in a court of justice. The deposition was made by virtue of the third section of the provincial statute of the seventh of *William* the third, *ch.* 35. *Colony and Province laws*, 288. The act is entitled " an act for taking of affidavits " out of court." The preamble is in these words. " Forasmuch as it is often necessary that witnesses in civil causes be " sworn out of court, when by reason of their going to sea, living " more than thirty miles distant from the place, where the cause " is to be tried, age, sickness, or other bodily infirmity, they are " rendered uncapable of travel and appearing in person at the " court, to the intent therefore that all witnesses may indifferently

Goodwin v. Mussey.

" testify their certain knowledge, and the whole truth in the " cause they are to speak unto," the first section provides for the taking of affidavits, under a commission from two or more justices of the superior or inferior court, to be returned to the court where it is to be used, reasonable notice being " first made out " and delivered to the adverse party, if within twenty miles of " the place, or left at the place of his dwelling or usual abode." The second section authorizes every justice of the peace " to " grant summons for the appearance of any witness before him, " in any civil or criminal cause, where such witness is bound to " sea, before the time of trial, and to take his deposition in such " cause, the adverse party being present, or notification sent " him as aforesaid." By the third section it is enacted, that depositions *in perpetuam rei memoriam* shall be taken before some court of record, or two or more justices of the peace, quorum unus. This section contains no clause requiring notice. It has not in itself any provision, authorizing the use of depositions taken under it in courts of justice ; but the design and object of this section, as well as the others, is sufficiently indicated by the preamble which must be considered as extending to the whole act, the object of which plainly is to provide, for certain reasons, for the taking of testimony out of court, frequently essential to the due administration of justice ; to be taken in some cases, where suits were then actually pending ; and in others to be prescribed as evidence, which might become necessary for the elucidation of facts which might afterwards be drawn into controversy, before judicial tribunals. It is difficult to conceive any other adequate reason, which could induce the provincial government to provide for, or individuals to take, affidavits or depositions of this description. In point of fact, they have uniformly been received; and no case, it is believed, can be adduced by those who have been conversant with our courts for the longest period, in which this objection has either been made or sustained ; and they are essentially necessary, in many instances to verify facts, upon which important interests depend.

With regard to the objection arising from the want of notice, we are very clear, that the provision requiring it in the first sec-

tion cannot, upon any sound construction, be held to apply to the third. It is omitted there, although repeated in the second.

The notice required was to be given to the adverse party. This supposes an existing suit, in which there are parties and adversary proceedings. The taking of the affidavits, authorized by the third section, was a precautionary measure, predicated upon the possibility of future controversies in relation to facts, the evidence of which was thus intended to be preserved. The provincial government did not at that time think proper to prescribe notice to other persons, interested in these facts ; although at a subsequent period the general court of *Massachusetts,* and more recently the legislature of our own State, have required such notice.

It is further objected, that depositions taken under the third section of the provincial statute, if admissible at all, can only be used where the deponent is dead. There is no such limitation to be found in the statute. The circumstances, under which affidavits or depositions may be necessary, are enumerated and set forth in the preamble ; and they are such as have been generally provided for in subsequent statutes upon the subject of depositions. By the statute however of our own State, revised laws, *ch.* 85, section eighth, a deposition *in perpetuam* is to be used as evidence in case of the death of the deponent, absence out of the State, or inability to attend court. But under the provincial statute, we apprehend such deposition might be used, for any of the causes stated in the preamble. At any rate we can discover no sufficient reason why the inability of the deponent to attend court, does not authorize the use of his deposition in evidence, as well as his death.

It is finally urged that the provincial statute being repealed, the deposition in question is no longer admissible. Without conceding that this consequence would flow from an unqualified repeal of the statute, we do not find that the statute is repealed, as it respects depositions taken prior to the revised statute of the commonwealth of *Massachusetts,* by which it was repealed with regard to such as might be taken, after a certain day limited. It is however contended that, this latter statute having been repealed by an act of the legislature of *Maine,* by which it was provided

that such repeal should not be construed to revive any act, or parts of acts, repealed by the statute of the commonwealth of *Massachusetts*, and the saving in the latter statute being in the repealing clause, the provincial statute must be deemed to be entirely repealed. But this cannot be considered as the effect of the clause relied upon. So far as the provincial statute was repealed by that of the commonwealth, it is not revived ; but so far as that repeal was qualified by the saving in the repealing clause, it remains unaffected by the repealing act of *Maine*.

The exception is overruled, and there must be

*Judgment on the verdict.*